BESSIE EISMAN, Appellant, *v.* CONSOLIDATED GAS COMPANY OF NEW YORK, Respondent.

Supreme Court, Appellate Term, First Department, November Term — Filed December, 1922.

Negligence — injuries caused to occupant of automobile by projection of coal conveyor above street surface — erroneous dismissal of complaint.

Plaintiff, while riding at night in a covered automobile over a public street in the city of New York across which defendant under and in accordance with the terms and specifications of a license from the municipal authorities granted in 1901 had placed a metal coal conveyor, was hurled against the roof of her car and sustained personal injuries because at that time the coal conveyor projected eighteen inches above the street level. The plaintiff's proof tended to show that the conveyor had been in that dangerous condition for a sufficient length of time to give notice thereof to defendant. A city surveyor who had no knowledge whatever of the condition of the conveyor at the time of the accident, testified as to measurements made by him about eight months thereafter, which tended to show that the top of the conveyor was level with the general street surface when said measurements were made. This testimony was received against plaintiff's objection and exception and a motion to strike out such testimony having been denied, plaintiff duly excepted. *Held,* that as defendant gave no other evidence tending to show the actual condition of the conveyor at the time of the accident, the testimony of the city surveyor was reversible error in the absence of proof that the condition of the conveyor was the same as when the accident happened.

At the close of the case, the trial justice on defendant's motion dismissed the complaint upon the merits on the ground that the testimony was that the street was even with the top of the conveyor which had been put in under the direction of the city officials. *Held,* that the complaint having been dismissed upon an erroneous theory and improper evidence, the judgment entered will be reversed and a new trial ordered.

APPEAL by the plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, entered in favor of the defendant dismissing the complaint.

*Sanders, Zelenko & Polstein (Jacob Zelenko,* of counsel), for appellant.

*H. E. Almberg (H. K. Tobias,* of counsel), for respondent.

DELEHANTY, J. The action is brought to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant. The negligence alleged consisted in maintaining a metal coal conveyor across a public street in New York in such a dangerous manner that the same projected eighteen inches above the street level, and by reason thereof the plaintiff while riding over the same at night in a covered auto-

mobile was hurled against the roof of the vehicle, and thereby sustained a dislocation of her nasal bones and other personal injuries.

The defendant's answer set up the defense that the coal conveyor described in the complaint was erected and placed in its position by defendant in strict accordance with a license and permission contained in a certain lease or agreement which the defendant had with the municipal authorities of the city of New York; and that the said conveyor was so constructed, placed and secured in the most skillful manner, and that at the times mentioned in the complaint the defendant had no notice, information or knowledge that the coal conveyor was unsafe or insecure.

Upon the trial, before any evidence was taken, it was formally conceded on the record that the defendant owned and controlled the coal conveyor. It also was shown in behalf of the plaintiff that she sustained her injuries when riding on the rear seat of an automobile which was driven at night over the conveyor in Marginal street at the rate of about eight or ten miles an hour on January 23, 1921. The chauffeur of the automobile and a policeman who examined the place immediately after the accident, testified that the top of the conveyor was about eighteen inches above the street level.

The policeman also testified that Marginal street was a public street along the East river, and that the coal conveyor was an endless belt extending across the entire width of the street, and used by the defendant to convey coal from the river front into its place of business; that it was covered on top by metal plates about four feet wide, and that the pavement for a distance of three or four feet on each side of the conveyor sloped up to the top thereof, which was about eighteen inches above the general level of the street at the place where the accident happened on the west side of the street; that there was no barrier or any light or signal placed on either side of the conveyor; that it had been in that condition for about six and one-half years; and when asked whether he ever saw anything that called his attention to that condition of the conveyor, the officer answered that " the only thing there might have been an accident there before."

The defendant introduced evidence to show that the conveyor was constructed by it in accordance with the terms and specifications of a license and lease obtained from the municipal authorities in the year 1901. The defendant also, against the objection and exception of the plaintiff, was permitted to introduce proof from a city surveyor of measurements and a diagram that he made at the conveyor on or about September 17, 1921, about eight months after the accident (which happened on January 23, 1921);

although he had no knowledge whatever of the condition of the conveyor at the time of the accident. As his measurements tended to show that the top of the conveyor was level with the general street surface when he took his measurements, the plaintiff's counsel moved to strike out his entire testimony and took an exception to the denial of his motion. Both sides then rested and the trial justice granted the defendant's motion for a dismissal of the complaint upon the merits, upon the ground " that the testimony here is that the street was even with the top of the conveyor," and that the conveyor was put in under the direction of the city officials. The plaintiff's counsel took an exception to the dismissal of the complaint.

As the defendant gave no other evidence showing the actual condition of the conveyor at the time of the accident, it is clear that reversible error was committed in receiving evidence of the condition thereof eight months thereafter, with nothing to show that the condition was the same.

Whether the city may or may not have been responsible for the condition of the street at the time of the accident, the plaintiff had made out a *prima facie* case by showing a dangerous obstruction in a public street which obstruction the defendant expressly admitted that it owned and controlled. A structure may be lawful when constructed in accordance with authority so to do, but it may also, under well-settled rules, become an unlawful structure and a nuisance if permitted to become so by those in control thereof.

The plaintiff's proof tended to show that the conveyor had been in that dangerous condition for a sufficient length of time to give notice thereof to the defendant. While the responsibility of the defendant, if any, may be better determined upon a new trial, we cannot hold as a matter of law upon this record, that the defendant did not owe any duty to the plaintiff; and as the complaint was dismissed upon an erroneous theory, and upon improper evidence, the judgment must be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

GUY and BIJUR, JJ., concur.

Judgment reversed.